UNITED STATES, Appellant

v.

VIRGIL E. HOLLAND, Private–2, U. S. Army, Appellee

2 USCMA 314, 8 CMR 114

No. 1754

Decided March 17, 1953

COL. Allan R. Browne, U. S. Army, LT. COL. Thayer Chapman, U. S. Army, and CAPT. Irvin M. Kent, U. S. Army, for Appellant.

LT. COL. George M. Thorpe, U. S. Army, and 1ST LT. Michael E. McGarvey, U. S. Army, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial of larceny and was sentenced to confinement for six months and partial forfeiture of pay for six months. The convening authority approved, and The Judge Advocate General of the Army ordered that the case be referred to a board of review. The board ordered a rehearing based on a conference held between the law officer and the court outside the presence of the accused and his counsel during deliberations on the sentence. The correctness of this decision is certified by The Judge Advocate General of the Army.

The record reveals that after the court closed to deliberate on the sentence, the law officer was called into closed session and answered a question concerning the sentence which could legally be given. This is prejudicial error requiring a rehearing. United States v. Miskinis and Pontillo (No. 1535, 1536, 1579), 8 CMR 73, decided March 5, 1953.

The decision of the board of review is affirmed.

Judge BROSMAN concurs.

LATIMER, Judge (dissenting).

I dissent for the reasons set forth in

314

my dissenting opinion in United States v. Woods and Duffer (No. 1023), 8 CMR 3, decided February 19, 1953.

This particular case points up one of the absurdities flowing out of the doctrine announced in United States v. Wilmer Keith (No. 503), 4 CMR 85, decided July 30, 1952, and United States v. McConnell (No. 596), 4 CMR 100, decided July 31, 1952. The accused pleaded guilty and we grant him a new trial on the merits because of one question directed to the law officer. The court asked if a sentence which consisted solely of the imposition of a bad-conduct discharge was legal and, upon being informed that it was, disregarded the advice and imposed a sentence which did not include any type of punitive discharge. I quote Judge Quinn's words from his dissenting opinion in United States v. Clark (No. 190), 2 CMR 107, decided February 29, 1952: "The Government should not be required to try again this individual, clearly guilty, because of a possible error which in no way harmed him."